DA 11-0073

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 201N

IN THE MATTER OF:

J.L., V.L., and E.P.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause Nos. DN-09-12C; DN-09-13C;
DN 09-16C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender, Matthew M. Wilcox, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General, Tammy Plubell, Assistant
Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney, Deborah Pratt, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:  August 10, 2011

Decided:  August 17, 2011

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Department of Public Health and Human Services (DPHHS) removed J.L., V.L., and E.P. from their mother's care in February 2009 due to an incident involving illegal drug use by the mother (Mother). The three youths were adjudicated as youths in need of care later that year. Meanwhile, Mother was directed to complete a treatment plan which sought to address the issues that rendered her unfit to parent her children, the most critical of which were her homelessness, her instability, and her drug abuse.

¶3    Mother did not successfully complete the treatment plan. By her own admission, Mother continued to lack stability in her life over the ensuing 18 months. She also failed to complete her chemical dependency evaluation within the allotted timeframe. Mother eventually completed chemical dependency counseling sessions, but failed to follow through on the recommended individual mental health counseling. The treatment plan required Mother to be drug and alcohol free, yet Mother tested positive for alcohol on three occasions, provided "dilute" urinalysis samples on five occasions, and missed urinalysis tests on twenty-three occasions. The treatment plan also required Mother to obtain and maintain a safe and child-appropriate home. In March 2010, Mother reported that she had been raped in her home by an acquaintance who was staying there. She also

2

admitted to permitting "junkies" to stay with her at her residence, and she continued to associate with individuals who abuse drugs or engage in illegal activities.

¶4 Mother failed to meet or comply with other components of the treatment plan as well. She also demonstrated, in one doctor's opinion, a marked lack of insight into the need for stability for her children and a lack of mature problem-solving skills. Moreover, the doctor found, Mother's beliefs and values are more rigid and less changeable than most people. Mother avoids taking responsibility and minimizes her responsibility in her current situation. She places her needs for male companionship above the needs of her children. Mother missed multiple visitations with her children.

¶5 J.L., V.L., and E.P. were each examined by a therapist and found to suffer from various disorders and maladaptive behaviors as a result of instability and neglect during their early years with Mother and exposure to domestic violence. Mother missed some of the family therapy sessions, and when she did show up, she was more focused on her own needs than responding to her children's cues. It was recommended that the children not be returned to Mother's care if she had not first completed the treatment program.

¶6 In April 2010, DPHHS petitioned the Eighteenth Judicial District Court, Gallatin County, to terminate Mother's parental rights. The petition was based on Mother's failure to comply with her treatment plan and on the allegation that the conduct rendering Mother unfit is unlikely to change within a reasonable time. *See* § 41-3-609(1)(f), MCA. The District Court addressed the criteria set out in § 41-3-609, MCA, and terminated the parent-child legal relationship existing between Mother and the three youths on January 5, 2011.

¶7 The District Court found that Mother failed to comply with her treatment plan in various respects. The court found that it was unlikely Mother would successfully provide a minimal standard of care for her children without extensive support and supervision. The court found that Mother's conduct or condition will not change within a reasonable time due, among other things, to her lack of insight into providing stability for her children, her lack of mature problem-solving skills, her avoiding taking responsibility for her own actions, her continued associations with drug abusers and people engaged in illegal activities, and her tendency to place her own needs above those of her children. The court found that Mother has exhibited conduct and behaviors that render her unfit, unable, or unwilling to give her children adequate parental care. *See* § 41-3-609(2), MCA. The court found that DPHHS has attempted to assist Mother in order to reunite her with her children, has made reasonable efforts and provided reasonable services to prevent the continued removal of the youths from Mother's custody, and has given Mother ample opportunity to complete the treatment plan and be reunified with the youths, *see* § 41-3-423, MCA, but that Mother has shown no stability, consistency, or determination to comply with or successfully complete the treatment plan. Finally, the court found that it is in the best interests of J.L., V.L., and E.P. that Mother's parental rights be terminated. Mother now appeals, arguing that the State failed to prove through clear and convincing evidence that the conditions rendering Mother unfit were unlikely to change within a reasonable period of time. *See* § 41-3-609(1)(f)(ii), MCA.

¶8 We review a district court's decision to terminate parental rights to determine whether the court abused its discretion. *In re K.J.B.*, 2007 MT 216, ¶ 22, 339 Mont. 28,

4

168 P.3d 629. We review a district court's findings of fact to determine whether they are clearly erroneous. *In re K.J.B.*, ¶ 23. In determining whether the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time, the court must assess the past and present conduct of the parent. Because the court does not have a crystal ball to look into in order to make this determination, the determination must, to some extent, be based on the parent's past conduct. *In re E.K.*, 2001 MT 279, ¶ 47, 307 Mont. 328, 37 P.3d 690.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Applying the foregoing standards, we are satisfied that the District Court's findings of fact are not clearly erroneous and that the District Court did not abuse its discretion in terminating Mother's parental rights.

¶10 Affirmed.

/S/ JAMES C. NELSON

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

5